## BERG *v.* NEW ENGLAND JEWELRY AND SILVER-WARE COMPANY.

· On March 25, 1898, a rule nisi was granted on a motion for a new trial, returnable in vacation on April 9. On March 26, an order was passed allowing the movant until April 8, to make and have approved or agreed to a complete brief of the testimony in the case. The term adjourned on March 28. No approved or agreed brief was filed on April 8. On April 9, a motion was made to dismiss the motion for a new trial, on the ground that the order in reference to the brief of evidence had not been complied with. No brief was presented for approval on the day last mentioned. *Held*: (1) There was no error in dismissing the motion for a new trial. (2) If in such a case the judge has any discretion in reference to the matter, the dismissal of the motion would not be an abuse of such discretion, where no reason whatever is assigned for the failure to comply with the terms of the order.

Submitted November 15,—Decided December 15, 1898.

Motion for new trial. Before D. L. Henderson, judge pro hac vice. Dooly superior court. April 9, 1898.

*Pearson Ellis*, by *Harrison & Bryan*, for plaintiff in error. *Thomson & Whipple*, contra.

COBB, J. This case was tried at the March term, 1898, of the superior court of Dooly county, which finally adjourned on March 28. During the term the defendant filed a motion for

a new trial; and on March 25, a rule nisi was granted on this motion, calling upon the plaintiff to show cause, in vacation on the 9th day of April, why the motion should not be granted. On March 26, the court passed an order of which the following is a copy: "The defendant having filed his motion for a new trial upon the several grounds therein named, and the court having reserved the right to finally and fully approve the same at the final hearing of the said motion, and it appearing that it is important [?] to make out and attach a brief of the evidence in this case during this term of the court and before adjournment of the same, it is now therefore ordered by the court that the defendant be allowed until April 8, 1898, to make and attach and have approved a complete brief of the testimony or have the same agreed to, without prejudice to this case. It is further ordered that he be allowed until date on April 8, 1898, to perfect his motion for a new trial in said case, without prejudice to his right. This March 26, 1898." On April 9, the motion came on for a hearing, and plaintiff moved to dismiss the same upon the ground that no brief of the testimony had been filed, agreed upon, or approved within the time fixed by the order above quoted. The judge sustained this motion and dismissed the motion for a new trial, the order of dismissal reciting "that no brief of evidence or charge of court have ever been approved or filed and that none is now offered." The defendant filed her bill of exceptions in which error is assigned upon the ruling dismissing the motion for a new trial, the bill of exceptions containing a recital that she asked "leave of the court to be permitted to file a brief of the evidence in said case, which was denied her, and to which she excepted."

When the motion for a new trial was made on March 25, the presiding judge made the rule granted thereon returnable on the 9th day of April. Nothing was said in the rule in reference to the brief of evidence. On March 26, the order above quoted was passed, in which it is recited that it is "important" (probably an error in transcribing and should be *impossible*) to make out a brief of evidence during the term, and movants were allowed until the 8th day of April to make and have approved a complete brief of the testimony or "have the same

agreed to." For some reason satisfactory to the presiding judge, the brief was to have been approved or agreed upon at least one day before the case came on for a hearing, it probably being his intention in framing the order that when the motion came on for a hearing the record should be complete and that nothing more than a formal approval and the hearing should take place on the 9th. On the 8th of April no brief of the evidence had been agreed upon or approved. In section 5485 of the Civil Code it is declared that, " Where an order is taken to hear a motion for a new trial in vacation, the brief of evidence must be presented for approval within the time fixed by the order, or else the motion will be dismissed." It is contended that the judge had a discretion as to approving the brief of evidence on the 9th, and that his refusal to approve it was an abuse of this discretion. It is true that the bill of exceptions recites that the defendant asked leave of the court to be permitted to file a brief of evidence in the case; but it is not therein stated that the brief was agreed upon or presented to the court for approval on the 9th of April, and the order dismissing the motion for a new trial distinctly states that no brief of the evidence was then offered. Even if in this case the presiding judge had any discretion in the matter, we can not say that such discretion was abused, when no reason was given why the brief was not completed on the day fixed in the order or why it was not agreed upon or presented for approval on the following day. *Judgment affirmed. All the Justices concurring.*